UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MAX LINN, | ) |
| | ) |
|       PLAINTIFF | ) |
| | ) |
| V. | )    CIVIL NO. 1:20-CV-391-DBH |
| | ) |
| BLUEWATER MEDIA, LLC AND | ) |
| ANDREW LATIMER, | ) |
| | ) |
|       DEFENDANTS | ) |

**DECISION AND ORDER ON MOTION TO DISMISS**

The individual defendant's 12(b)(6) motion is **DENIED**. There are enough actionable allegations against him in the Complaint, and they do not say he was acting solely as an agent for the defendant LLC. Whether a case for his individual liability can survive a summary judgment motion or trial is another matter.

The defendant LLC's 12(b)(5) motion to dismiss for insufficient service of process is **GRANTED**. The plaintiff says that service was sufficient under Fed. R. Civ. P. 4(h)(1). That rule allows service on a corporation

> (1) in a judicial district of the United States:
>
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

The plaintiff does not specify whether he is relying on (A) or (B), but he did not satisfy (B) by serving directly an officer or agent of the defendant. I turn instead to (A), which allows service under 4(e)(1), "following state law . . . ." The plaintiff says he followed Florida statute § 48.081(3)(b) for service on a corporation and § 48.031(1)(a) for service of process generally. But Florida has a different statute for serving limited liability companies, § 48.062, and Florida courts require strict compliance with that statute. See Florio v. Success Agency LLC, No. 17-80557-CV, 2017 WL 8897130, at *3-4 (S.D. Fla. Oct. 30, 2017) (citing Mead v. HS76 Milton, LLC, 102 So. 3d 682, 683 (Fla. Dist. Ct. App. 2012)).

Under Florida law,

> Process against a limited liability company, domestic or foreign, may be served on the registered agent designated by the limited liability company under chapter 605. A person attempting to serve process pursuant to this subsection may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office.

Fla. Stat. § 48.062(1). This provision obviously contemplates an initial service attempt at the registered agent's office.[1] A Florida federal district court has said that the statute is to be strictly construed and interprets it to mean at the registered agent's designated address. Florio, 2017 WL 8897130, at *4. The plaintiff has not shown that he attempted to serve the designated agent (who is

---

[1] Compare § 48.062(1) with § 48.062(4), which provides:
> If the address for the registered agent, member, or manager is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the domestic or foreign limited liability company may be made by serving the registered agent, member, or manager in accordance with s. 48.031.

Section 48.031 allows service on a suitable person at the defendant's usual place of abode.

also the individual defendant) at the address listed for the agent (which is not his place of abode) before attempting service at his place of abode.²

With respect to the individual defendant's 12(b)(5) motion to dismiss for insufficiency of service under Rule 4(e)(2)(B) ("leaving a copy . . . at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"), there is a factual dispute over whether the place where the plaintiff served the defendant's mother was the defendant's dwelling or usual place of abode. The First Circuit allows a factual hearing on such a dispute. Blair v. City of Worcester, 522 F.3d 105, 110-14 (1st Cir. 2008). The parties shall notify the court by March 26, 2021, whether either wishes an evidentiary hearing or whether they want me to decide the issue on the papers submitted.

Accordingly, the motion to dismiss is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART**.

**SO ORDERED.**

**DATED THIS 15ᵀᴴ DAY OF MARCH, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

² Later service on Fasulo, a manager of the defendant LLC, was insufficient for the same reason.