UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MAX LINN, )<br>)<br>    Plaintiff )<br>)<br>v.          )<br>)<br>BLUEWATER MEDIA, LLC and )<br>ANDREW LATIMER,   )<br>)<br>    Defendants ) | Civil No. 1:20-cv-391-DBH |

## ORDER ON SERVICE OF PROCESS

The individual defendant's 12(b)(5) motion to dismiss for insufficient service of process is **Denied**. Initially, I deferred deciding this matter until after an evidentiary hearing. I conducted the evidentiary hearing on April 28, 2021, and I conclude now that service was proper.

Fed. R. Civ. P. 4(e)(2)(B) permits service by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Here, service was made on the individual defendant's mother at the address where the defendant lives. That structure is the defendant's usual dwelling; the defendant and his mother live at the same street address. The defendant, his wife, and their three daughters occupy the top two floors, while his mother resides on the first floor. The process server first knocked on the door of the second-floor entrance but, after a minor child responded, the process server asked for someone 15 years old or older and was directed downstairs. The process server then went to the

first-floor entrance where the sole mailbox was located and served the defendant's mother there.

Notice is not an issue. In his deposition, the individual defendant said that he received copies of the summons and complaint from his mother approximately three days after his mother was served. Mot. to Dismiss at 2 (ECF No. 8); Def.'s Decl. ¶ 5 (ECF No. 8-1). But according to the First Circuit, "[t]he federal courts have made it abundantly clear that actual notice itself, without more, is insufficient to satisfy" the Rule's requirements. Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 24 (1st Cir. 1992). The rule "must be accorded at least substantial compliance." Id. Yet, "[w]here . . . a defendant has received actual notice of an action, service of process requirements are to be 'broadly interpreted,' and 'substantial compliance' with the requirements suffices." United States v. Rodriguez, 14 F.3d 45 (1st Cir. 1993) (per curiam) (citations omitted). As commentators say, "Despite the length of time these words ["dwelling or usual place of abode"] have been a part of federal practice, the judicial decisions do not make clear precisely what they mean and the facts of a particular case often prove to be crucial." 4A C. Wright & A. Miller, Federal Practice and Procedure § 1096 (4th ed.); see, e.g., Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 257 (2d Cir. 1991).

Here, the defendant contends that under his family's living arrangements, his mother does not "reside" at his "dwelling." He testified that after buying the house, his family modified the property to make the first floor a "separate apartment with its own kitchen [and] . . . laundry facilities" and that the upstairs

2

and downstairs living spaces have "[s]eparate entry doors." At other points, he described his mother's living space as an "accessory" dwelling unit.

The First Circuit has said that "[i]t has been held directly that delivery of process to a different apartment in the same building is not sufficient service." Precision Etchings & Findings, Inc., 953 F.2d at 24. But it made that statement in the context of an "undeveloped record" involving a "three-apartment building" with "no evidence . . . that the person to whom process was delivered was a member of [the defendant's] household, his landlord, or a person having any substantial connection with him." Id. at 23, 24-25 (quotation marks omitted). That record is entirely unlike the situation here. Despite the defendant's characterization of the family's living arrangements, the town's zoning and property appraiser records both classify the property as "single family." Pl.'s Exs. 1, 2. Under "total living units," the appraiser records say "1." Pl.'s Ex. 1. The house has a single mailbox that collects mail for the defendant's family and his mother. The entries on the first and second floor have no apartment numbers. The building has one water meter and one electric meter. The defendant pays property tax while his mother does not. According to the defendant, his mother pays "her own bills"; but she does not pay him "rent." Although the defendant said that he does not have a key to his mother's entrance, his mother is free to "come and go if she pleases" to his living space. There was nothing to reveal to the process server that these were two residences at one address.

Here, I find that the defendant and his mother did not have separate "apartments" and instead find the structure they shared to be a single-family home. Under the circumstances, there was nothing that would suggest to a

3

process server that the home was anything other than a single-family residence with two exterior doors.  The service to the defendant's mother was sufficient and the motion to dismiss is **DENIED**.

**SO ORDERED.**

**DATED THIS 5TH DAY OF MAY, 2021**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**